IN THE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA,
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U S D C - Atlanta

OCT 1 4 2005

LUTHER D. THOMAS, Clerk
By
Deputy Clerk

JAMES CAUSEY
   Petitioner

        V

Civil Action No.

05 CV 2652

TWT

DeutSCHE BANK NATIONAL
  TRUST COMPANY
MAGISTRATE COURT OF CLAYTON COUNTY
Robert Michael Sheffield (639814)
McCalla, Raymer, Padrick, Cobb,
Nichols, & Clark, LLC
Richard C. Taylor, P.C
DAphne Walker,
MARTY M STONE
Ashley MARTIN
John C. ALDRIDGE, Jr.
Penn A ALPheR
Peter G Babcock
Carol V Clark
IKE W. Cobb
Jennifer L Dickerson

Monica K. Gilroy
Peter L Lublin
R. Neal MANNERS
Stanley H McCalla, Sr.
Shell L. Rutledge
Richard H Siegel
Robert J. Hulsey
Kent E. ALtom
Bond H. ALMAND
J. Geoff Anderson
Deborah S Bailey
Gregory A Baker
David C Belle Isle
Alice A. Blanca

DEFENDANTS

FORMS RECEIVED
Consent To US Mag ____
Pretrial Instructions ____
Title VII NTC ____
        J.C.

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA,
ATLANTA DIVISION

James Causey                            }
Petitioner                              }

V                                       }        Civil Action No.

Robert Michael Sheffield (639814)       }
McCalla, Raymer, Padrick, Cobb,         }
Nichols, & Clark, LLC                   }
Richard C. Taylor, P.C.                 }
Daphne M. Walker, et al                 }

## COMPLAINT

1) Parties

A) Plaintiff, James Causey

Comes now, James Causey, a consumer claiming and seeking protection under the Fair Debt Collections Practices Act 15 USC 1692 et seq.

Consumer brings this Action seeking civil damages, individually and severally against all defendants in the Amount of $10,000 per each separate violation of the Fair Debt Collection Practices Act, 15 USC 1692 et seq and the FTCA, 15 USC 45(m), and 53(b), and for an amount, to be determined by the court or a jury for the other violations claimed by the Plaintiff.

B) Defendants

a) Made defendant herein is Robert Michael Sheffield (639814), a debt collection attorney in the employ of McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC, 1544 Old Alabama Road, Roswell, Georgia, 30076, a law firm that is subject to the provisions of the Act, because it regularly engages in consumer debt collection activities through litigation in behalf of creditors, for violating sections e, f, g, i, j, n, of the Act; and, for conspiring with other defendants to deny consumer the equal protection of the Laws of the USA by fraudulent attempting to deprive debtor of property to which he is lawfully entitled and which is located at 2532 Weston Court, Lake City Georgia, 30260.

1

b) Defendant had a responsibility to act in accordance with the provisions of the Act and failed to do so to the detriment of the consumer and the aggrandizement of the firm and its clients.

c) Defendant has liability under the Act for each of the acts that he or his subordinates committed and in the same manner and to the same degree those actual violations of the Act.

d) Defendant has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other laws of the United States of America.  See 18 USC Sections 241, conspiracy against rights; 242, deprivation of rights under color of law; 245, deprivation of federally protected activities.

e) Defendant permitted non-attorneys to send communications bearing their name in order to fraudulently misrepresent to consumers that He or one of the other attorneys had met the requisites of the Act and had personally been involved in the debt collection process.

f) Defendant violated the Act when he initiated summary dispossessory proceedings in order to execute non judicial proceedings that would terminate all borrowers rights after debtor had, in writing, demanded that all proceedings stop pursuant to section c© until consumer be given an opportunity to redress violations of the Act.

B) Made defendant herein is McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC, 1544 Old Alabama Road, Roswell, Georgia, 30076, a law firm that regularly engages in debt collection activities on behalf of it's clients through litigation for engaging in practices that violate sections c, d, e, f, g, I, j, n of the Act; and, for conspiring with other defendants to deny consumer the equal protection of the Act and other Laws of the USA.

a) Defendant had a responsibility to require all persons associated with the firm to act in accordance with the provisions of the act and failed to do so to the detriment of the consumer and the aggrandizement of the firm and its clients and has used the mails and instruments of interstate and intrastate commerce to defraud consumers of their rights under the Act.

b) Defendant has liability under the Act for each of the acts of his subordinates and to the same degree.

c) Defendant has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other laws of the United States of America.

d) Defendant has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other laws of the United States of America.  See 18 USC Sections 241, conspiracy against rights; 242, deprivation of rights under color of law; 245, deprivation of federally protected activities.

e)  Defendant permitted non-attorneys to send communications bearing their name in order to fraudulently misrepresent to consumers that He or one of  the other attorneys had met the requisites of the Act and had personally been involved in the debt collection process.

f) Defendant violated the Act when it caused it's subordinated to initiate summary dispossessory proceedings in order to execute non judicial proceedings that would terminate all borrowers rights after debtor had, in writing, demanded that all proceedings stop pursuant to section c© until consumer be given an opportunity to redress violations of the Act.

C) Made defendant herein is Deutsche Bank National Trust Company, as successor in interest to Ameriquest Mortgage Securities, Inc., P.O. Box 11000, Santa Ana, California 92711-1000 for engaging in activities prohibited in sections c, d, e, f, g, i, j, and n of the Act; and for conspiring with other defendants to deny consumer the equal protection of the Laws of the USA.

a) Defendant had a responsibility to require all persons associated with or working for them to act in accordance with the provisions of the Act and failed to do so to the detriment of the consumer and the aggrandizement of the Corporation and it's clients.

b) Defendant has liability under the Act for each of the acts of his subordinates for using certain deceptive forms, namely, the dispossessory warrant, to deny debtor rights provided by and consistent with the Act and defendant's liability exists in the same manner and to the same degree as those persons actually committing violations of the Act.

c) Defendant has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other laws of the United States of America.

d) Defendant has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other laws of the United States of America.  See 18 USC Sections 241, conspiracy against rights; 242, deprivation of rights under color of law; 245, deprivation of federally protected activities.

e) Defendant permitted non-attorneys to send communications bearing their name in order to fraudulently misrepresent to consumers that He or one of the other attorneys had met the requisites of the Act and had personally been involved in the debt collection process.

f) Defendant violated the Act when it proceeded to have the law firm of McCalla, etc, implement a non judicial proceeding, a foreclosure, in order to terminate an agreement made between the debtor and  Ameriquest Mortgage Company, and which agreement the Defendant was not an original party thereto and which foreclosure proceeding was commenced after the consumer had invoked the protection of the Act and which was effected before other defendants had initiated summary dispossessory proceedings in order to execute non judicial proceedings that would terminate all borrowers rights after debtor had, in writing, demanded that all proceedings stop pursuant to section c© until consumer be given an opportunity to redress violations of the Act.

D) Made defendant herein is Daphne M. Walker, individually and in her official capacity as judge of the Magistrate Court of Clayton County Georgia, Jonesboro Georgia, a court of limited jurisdiction, for trespass, for exercising subject matter jurisdiction after consumer had challenged jurisdiction; for fraud as set forth in Rule 9(b) of the F.R.C.P.; for extortion of rights arising out of and existing in the Act; for making a legal determination in a matter in which the Plaintiff had, in writing, invoked the protection of the Act; for using inconsistent State law to overrule section n of the Act; for violating sections c, d, e, f, g, j, n, and for conspiring with other defendants to deny consumers rights existing under the Act.

a) Defendant had a responsibility to act in accordance with the provisions of the Act and failed to do so to the detriment of the consumer and the aggrandizement of the defendant and other, including but not limited to, Deutsche Bank National Trust Company.

b) Defendant has liability under the Act for each of the acts of her subordinates and co-conspirators and in the same manner and to the same degree as those actually committing prohibited acts.

c) Defendant has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive

consumer of rights arising under the Act and other laws of the United States of America.

d) Defendant has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other laws of the United States of America.  See 18 USC Sections 241, conspiracy against rights; 242, deprivation of rights under color of law; 245, deprivation of federally protected activities.

e)  Defendant permitted non-attorneys to send communications bearing their name in order to fraudulently misrepresent to consumers that she or one of  the other attorneys had met the requisites of the Act and had personally been involved in the debt collection process.

f) Defendant violated the Act when she permitted others relief under state statutes that are inconsistent with section n of the Act and where she gave them relief despite the challenge made to the subject matter jurisdiction of the court where the debtor invoked the protection of the Act again  after other defendants had initiated summary dispossessory proceedings in order to execute non judicial proceedings that would terminate all borrowers rights after debtor had, in writing, demanded that all proceedings stop pursuant to section c© until consumer be given an opportunity to redress violations of the Act.

E) Made defendant herein is Richard E. Raymer, Managing Member, of McCalla Raymer, Padrick, Cobb, Nichols & Clark, LLC, 1544 Old Alabama Road, Roswell, Ga. 30076,  a law firm that is engaging in deceptive debt collection practices for committing, participating in or failing to prevent activities that are prohibited in the Act  and which acts the defendant knew to be violative of the Act .

a) Defendants engaged in practices that violate sections c, d, e, f, g, i,  j, n of  the Act; and  conspired with other defendants to deny consumer the equal protection of the Act and other Laws of the USA.

b) Defendant Raymer had a responsibility to require all persons associated with firm to act in accordance with the provisions of the act and failed to do so to the detriment of the consumer and the aggrandizement of the firm and it's clients.

c) Defendant has liability under the Act for each of the acts of his subordinates and to the same degree.

d)  Defendant permitted non-attorneys to send communications bearing their name in order to fraudulently misrepresent to consumers that He or

one of his attorneys had met the requisites of the Act and had personally been involved in the debt collection process.

d) Defendant has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other laws of the United States of America.  See 18 USC Secs. 241, conspiracy against rights;  242, deprivation of rights under color of law; 245, deprivation of federally protected activities.

f) Defendant violated the Act when he persons acting under his authority to initiated summary dispossessory proceedings in order to execute non judicial proceedings that would terminate all borrowers rights after debtor had, in writing, demanded that all proceedings stop pursuant to section c© until consumer be given an opportunity to redress violations of the Act.

F) Made defendant herein is Stanley H. McCalla, Esq. Senior Partner,  of McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC, 1544 Old Alabama Road, Roswell, GA. 30076, a law firm that is engaging in deceptive debt collection practices, for committing,  participating in, conspiring in the commission of, or failing to prevent activities that are prohibited in the Act and which defendant knew to be violative of  sections c, d, e, f, g, i,  j, n of the Act; and, for conspiring with other defendants to deny consumer the equal protection of the Act and other Laws of the USA.

a) Defendants engaged in practices that violate sections c, d, e, f, g, i,  j, n of  the Act; and  conspired with other defendants to deny consumer the equal protection of the Act and other Laws of the USA.

b) Defendant  had a responsibility to require all persons associated with firm to act in accordance with the provisions of the act and failed to do so to the detriment of the consumer and the aggrandizement of the firm and it's clients.

c) Defendant has liability under the Act for each of the acts of his subordinates and to the same degree.

d)  Defendant permitted non-attorneys to send communications bearing their name in order to fraudulently misrepresent to consumers that He or one of his attorneys had met the requisites of the Act and had personally been involved in the debt collection process.

d) Defendant has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other laws of the United

States of America.  See 18 USC Secs. 241, conspiracy against rights;  242, deprivation of rights under color of law; 245, deprivation of federally protected activities.

e) Defendant violated the Act when he persons acting under his authority to initiated summary dispossessory proceedings in order to execute non judicial proceedings that would terminate all borrowers rights after debtor had, in writing, demanded that all proceedings stop pursuant to section c© until consumer be given an opportunity to redress violations of the Act.

G) Made defendant herein is the person whose last name is Padrick, and who is a Partner at McCalla, Raymer, Padrick, Cobb, Nichols & Clark, 1544 Old Alabama Road, Roswell, Ga. 30076, a law firm that is engaging in deceptive debt collection practices, for committing,  participating in, conspiring in the commission of, or failing to prevent activities that are prohibited in the Act and which defendant knew to be violative of  sections c, d, e, f, g, I,  j, n  of  the Act; and, for conspiring with other defendants to deny consumer the equal protection of the Act and other Laws of the USA.

a) Defendant Padrick had a responsibility to require all persons associated with firm that sent out collection notices that carried his name to act in accordance with the provisions of the act and failed to do so to the detriment of the consumer and the aggrandizement of the firm and it's clients.

b) Defendant Padrick, a partner, has liability under the Act for each of the acts of his subordinates and to the same degree. Defendant has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other laws of the United States of America.

c) Defendant has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other laws of the United States of America.

d) Defendant permitted non-attorneys to send communications bearing their name in order to fraudulently misrepresent to consumers that He or one of his attorneys had met the requisites of the Act and had personally been involved in the debt collection process.

H) Made defendant herein is Ike W. Cobb, of McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC, 1544 Old Alabama Road, Roswell, Ga. 30076, a law firm that is engaging in deceptive debt collection practices, for committing,  participating in, conspiring in the commission of, or failing to

prevent activities that are prohibited in the Act and which defendant knew to be violative of sections c, d, e, f, g, I, j, n of the Act; and, for conspiring with other defendants to deny consumer the equal protection of the Act and other Laws of the USA.

a) Defendant Cobb had a responsibility to require all persons associated with firm to act in accordance with the provisions of the act and failed to do so to the detriment of the consumer and the aggrandizement of the firm and it's clients.

b) Defendant has liability under the Act for each of the acts of his subordinates and to the same degree.

c) Defendant has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other laws of the United States of America.

d) Defendant Cobb permitted non attorneys to send deceptive communications to consumers that bear His and the Firm's name in the communication even though He nor any of the attorneys employed by the firm or in partnership with the Firm had made any decisions concerning the debtor but which are sent out on a mass mailing basis. These form letters fraudulently misrepresent to consumers that He or one of his attorneys had met the requisites of the Act and had personally been involved in the debt collection process and had ordered that consumer be sent communications.

l) Made defendant herein is Partner Nichols, of McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC, 1544 Old Alabama Road, Roswell, Ga. 30076, a law firm that is engaging in deceptive debt collection practices, for committing, participating in, conspiring in the commission of, or failing to prevent activities that are prohibited in the Act and which defendant knew to be violative of sections c, d, e, f, g, I, j, n of the Act; and, for conspiring with other defendants to deny consumer the equal protection of the Act and other Laws of the USA.

a) Defendant Nichols had a responsibility to require all persons associated with firm to act in accordance with the provisions of the act and failed to do so to the detriment of the consumer and the aggrandizement of the firm and it's clients.

b) Defendant Nichols has liability under the Act for each of the acts of his subordinates and to the same degree.

8

c) Defendant Nichols has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other laws of the United States of America.

d) Defendant Nichols permitted non-attorneys to send communications bearing their name in order to fraudulently misrepresent to consumers that He or one of his attorneys had met the requisites of the Act and had personally been involved in the debt collection process.

J) Made defendant herein is Attorney Carol V. Clark, of McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC, 1544 Old Alabama Road, Roswell, Ga. 30076,  a law firm that is engaging in deceptive debt collection practices, for committing,  participating in, conspiring in the commission of, or failing to prevent activities that are prohibited in the Act and which defendant knew to be violative of sections c, d, e, f, g, i,  j, n  of  the Act; and, for conspiring with other defendants to deny consumer the equal protection of the Act and other Laws of the USA.

a) Defendant Clark had a responsibility to require all persons associated with firm to act in accordance with the provisions of the act and failed to do so to the detriment of the consumer and the aggrandizement of the firm and it's clients.

b) Defendant Clark has liability under the Act for each of the acts of his subordinates and to the same degree.

c) Defendant Clark has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other laws of the United States of America.

d)  Defendant Clark permitted non-attorneys to send communications bearing their name in order to fraudulently misrepresent to consumers that He or one of his attorneys had met the requisites of the Act and had personally been involved in the debt collection process.

K) Made defendant herein is John G. Aldridge, Partner, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC, 1544 Old Alabama Road, Roswell, Ga. 30076, a law firm that is engaging in deceptive debt collection practices, for committing,  participating in, conspiring in the commission of, or failing to prevent activities that are prohibited in the Act and which defendant knew to be violative of the Act sections c, d, e, f, g, i,  j, n  of  the Act; and, for conspiring with other defendants to deny consumer the equal protection of the Act and other Laws of the USA.

9

a) Defendant has liability for engaging in practices that violate sections c, d, e, f, g, I, j, n of the Act; and, for conspiring with other defendants to deny consumer the equal protection of the Act and other Laws of the USA.

b) Defendant Aldridge had a responsibility to require all persons associated with firm to act in accordance with the provisions of the act and failed to do so to the detriment of the consumer and the aggrandizement of the firm and it's clients.

c) Defendant Aldridge has liability under the Act for each of the acts of his subordinates and to the same degree.

d) Defendant Aldridge has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other laws of the United States of America.

e) Defendant Aldridge permitted non-attorneys to send communications bearing their name in order to fraudulently misrepresent to consumers that He or one of his attorneys had met the requisites of the Act and had personally been involved in the debt collection process.

L) Made defendant herein is Penni A. Alper, Partner, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC, Old Alabama Road, Roswell, Ga. 30076, a law firm that is engaging in deceptive debt collection practices, for committing, participating in, conspiring in the commission of, or failing to prevent activities that are prohibited in the Act and which defendant knew to be violative of sections c, d, e, f, g, I, j, n of the Act; and, for conspiring with other defendants to deny consumer the equal protection of the Act and other Laws of the USA.

a) Defendant Alper had a responsibility to require all persons associated with firm to act in accordance with the provisions of the act and failed to do so to the detriment of the consumer and the aggrandizement of the firm and it's clients.

b) Defendant Alper has liability under the Act for each of the acts of his subordinates and to the same degree.

c) Defendant Alper has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other laws of the United States of America.

d) Defendant Alper permitted non-attorneys to send communications bearing their name in order to fraudulently misrepresent to consumers

that He or one of his attorneys had met the requisites of the Act and had personally been involved in the debt collection process.

M) Made defendant herein is Charles R. Kelley, AMP, Manager-Loan Administration, Foreclosures, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC, 1544 Old Alabama Road, Roswell, Ga. 30076, a law firm that is engaging in deceptive debt collection practices, for committing, participating in, conspiring in the commission of, or failing to prevent activities that are prohibited in the Act and which defendant knew to be violative of sections c, d, e, f, g, l, j, n  of  the Act; and, for conspiring with other defendants to deny consumer the equal protection of the Act and other Laws of the USA.

a) Defendant Kelley had a responsibility to require all persons associated with firm to act in accordance with the provisions of the act and failed to do so to the detriment of the consumer and the aggrandizement of the firm and it's clients.

b) Defendant Kelley has liability under the Act for each of the acts of his subordinates and to the same degree.

c) Defendant Kelley has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other laws of the United States of America.

d)  Defendant Kelley permitted non-attorneys to send communications bearing their name in order to fraudulently misrepresent to consumers that He or one of his attorneys had met the requisites of the Act and had personally been involved in the debt collection process.

N) Made defendant herein is Neal Manners, Partner, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC, 1544 Old Alabama Road, Roswell, GA. 30076, a law firm that is engaging in deceptive debt collection practices, for committing, participating in, conspiring in the commission of, or failing to prevent activities that are prohibited in the Act and which defendant knew to be violative of sections c, d, e, f, g, l, j, n  of  the Act; and, for conspiring with other defendants to deny consumer the equal protection of the Act and other Laws of the USA.

a) Defendant Manners had a responsibility to require all persons associated with firm to act in accordance with the provisions of the act and failed to do so to the detriment of the consumer and the aggrandizement of the firm and it's clients.

b) Defendant Manners has liability under the Act for each of the acts of his subordinates and to the same degree.

c) Defendant Manners has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other laws of the United States of America.

d) Defendant Manners permitted non-attorneys to send communications bearing their name in order to fraudulently misrepresent to consumers that He or one of his attorneys had met the requisites of the Act and had personally been involved in the debt collection process.

O) Made defendant herein is Daniel D. Phelan, Partner, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC, 1544 Old Alabama Road, Roswell, GA. 30076, a law firm that is engaging in deceptive debt collection practices, for committing,  participating in, conspiring in the commission of, or failing to prevent activities that are prohibited in the Act and which defendant knew to be violative of sections c, d, e, f, g, I,  j, n  of  the Act; and, for conspiring with other defendants to deny consumer the equal protection of the Act and other Laws of the USA.

a) Defendant Phelan had a responsibility to require all persons associated with firm to act in accordance with the provisions of the act and failed to do so to the detriment of the consumer and the aggrandizement of the firm and it's clients.

b) Defendant Phelan has liability under the Act for each of the acts of his subordinates and to the same degree.

c) Defendant Phelan has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other laws of the United States of America.

d) Defendant Phelan permitted non attorneys to send communications bearing their name in order to fraudulently misrepresent to consumers that He or one of his attorneys had met the requisites of the Act and had personally been involved in the debt collection process.

P) Made defendant herein is Attorney Marty M. Stone, of McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C., 1544 Old Alabama Road, Roswell, Georgia 30076, a law firm that is engaging in deceptive debt collection practices, for committing, participating in, conspiring in the commission of, or failing to prevent activities that are prohibited in the Act and which defendant knew to be violative of sections c, d, e, f, g, I, j, n of the Act; and,

for conspiring with other defendants to deny consumer the equal protection of the Act and other Laws of the USA.

a) Defendant Stone had a responsibility to require all persons associated with the firm to act in accordance with the provisions of the Act and failed to do so to the detriment of the consumer and to the aggrandizement of the firm and its clients.

b) Defendant Stone has liability under the Act for each of the acts of his subordinates and to the same degree.

c) Defendant Stone has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other Laws of the United States of America.

d) Defendant Stone permitted non-attorneys to send communications bearing their name in order to fraudulently misrepresent to consumers that he or one of his attorneys had met the requisites of the Act and had personally been involved in the debt collection process.


Q) Made defendant herein is Richard C. Taylor, P.C., of Richard C. Taylor, P.C., 1266 West Paces Ferry Road, Suite #566, Atlanta, Georgia 30327, a law firm that engages in deceptive debt collection and summary eviction practices, for committing, participating in, conspiring in the commission of, or failing to prevent activities that are prohibited in the Act and which defendant knew to be violative of sections c, d, e, f, g, I, j, n of the Act, and, for conspiring with other defendants to deny consumer the equal protection of the Act and other Laws of the USA.

a) Defendant Taylor had a responsibility to require all persons associated with the firm that sent out collection notices and placed summary eviction warrants that carried his name to act in accordance with the provisions of the Act and failed to do so to the detriment of the consumer and the aggrandizement of the firm and it's clients.

b) Defendant Taylor has conspired with others to violate the due process clause of the Constitution for the United States of America and to deprive consumer of rights arising under the Act and other Laws of the United States of America.

c) Defendant Taylor has liability under the Act for each of the acts of his subordinates and to the same degree.

**2) Jurisdiction and Venue**

This court has jurisdiction pursuant to 28 USC 1331, Federal Question Statutes because defendants have violated the Fair Debt Collection Practices Act, 15 USC 1692 et seq, The Federal Trade Commission Act, 15 USC 45(m), and 53(b); additionally 1331 grants this court the power to determine that defendants have violated the Fourth, Fifth, Sixth, Seventh, Ninth and 14th Amendments and entered into a criminal conspiracy to deprive consumer of rights existing under the cfusa.

**3) Background**

On or about February 20, 2005, Consumer received a communication, a(6) from a debt collector, b(3) McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C., 1544 Old Alabama Road, Roswell Georgia 30076, dated February 14, 2005, which advised him that due to delinquency on his loan that the property in question had been referred to an attorney, McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC, 1544 Old Alabama Road, Roswell, GA. 30076, to begin foreclosure proceedings, and advising that all transactions would now be handled through the attorney's office; further the communication advised that a foreclosure sale might be held "within 67 Days months." See exhibit #1.

**4)** On or about February 20, 2005, consumer received a communication, a deceptive form that purported to come from McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC, which advised him that the law firm was acting as a debt collector.  The communication contained the validation notice required by section g of the Act but violated the Act because it was unsigned, made the false representation that the person sending it was an attorney and had reviewed the file and made a determination to proceed based thereupon.  This communication violates the Act because it is unsigned. See exhibit #2.

**5)** On or about February 20, 2005 consumer received a communication from McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC, dated February 14, 2005, which violated the Act because it invalidated the 30 day notice requirement and demanded payment within ten days and made the false and misleading misrepresentation that consumer would incur additional costs and fees, including attorney fees if he failed to remit the entire amount within 10 days from the date of the letter. See exhibit #3.

**6)** In  March 2005, consumer responded to the communications by seeking protection under the Bankruptcy Laws of the United States. However, due to illness and the lack of sufficient funds, the Bankruptcy was Discharged in favor of the Defendants named in the Case. See exhibit #4.

7) In a communication dated July 11, 2005, consumer was notified that AMC Mortgage Services had obtained insurance coverage of his property, and that payment for this coverage would begin with his payment of 09/01/05. See Exhibit #5

8) On or about July 25, 2005, consumer received a communication from McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C., dated July 22, 2005, which violated the Act because it did not state a time period for receipt of payment and made the false and misleading misrepresentation that consumer would incur additional costs, fees, including attorney fees if he failed to remit the entire amount. See Exhibit #6

9) On or about August 3, 2005, consumer received a communication, dated July 28, 2005, a deceptive form that purported to be from McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C. which advised consumer that the law firm was acting as a debt collector. The communication contained the validation notice required by section g of the Act, but violated the Act because it was unsigned, made the false representation that the person sending it was an attorney and had reviewed the file and made a determination to proceed based thereon. This communication violates the Act because it is unsigned. See Exhibit #7

10) On or about August 3, 2005, consumer received a communication, dated July 28, 2005, a deceptive form that purported to come from McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C. which violated the Act because it invalidated the 30 day notice requirement and demanded payment within ten days and made the false and misleading misrepresentation that consumer would incur additional cost and fees, including attorney fees if he failed to remit the entire amount within 10 days from the date of the letter, further the communication advised that a foreclosure sale might be held "within 67 days," on or about September 6, 2005. See Exhibit #8

11) On or about August 19, 2005, consumer responded to the communication in writing, and sent a Notice of Foreclosure-Validation of Debt to McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C. in which consumer disputed the amount of the debt and requested the name of the original creditor of the account. See Exhibit #9

12) On or about September 6, 2005, consumer received a communication, purported to be from Marty M. Stone, an attorney with McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C. which did not respond to the request of validation of the debt, no such information was provided, (i.e. the amount paid, the amount applied to the loan, etc), and announced that the foreclosure sale was scheduled for September 6, 2005, and that consumer had time to respond to the communication. See exhibit #10

13) On or about September 17, 2005, consumer transmitted a communication to McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C. and Ameriquest Mortgage Company contesting the foreclosure sale of consumer's property without validation of debt.  Se exhibit #11

14)  On or about October 5, 2005, consumer received a communication purported to be from the Magistrate Court of Clayton County, Georgia stating that dispossessory proceedings were started to evict consumer from the property within seven(7) days. See exhibit #12

15) Summary eviction proceedings are inconsistent with and repugnant to the Act and denied the consumer the equal protection of the rights existing in the Act.

16) Defendants acted in concert with each other, and others not named, to deprive consumer of his rights under the act and did engage in unfair and abusive debt collection practices and used instrumentalities of interstate and intrastate commerce to deprive consumer of rights under the Act.

17) Defendant Deutsche Bank National Trust Company is a debt collector because it purchased a property that was already in default at the time of purchase and is therefore liable under the Act.

18) Defendant Sheffield is a debt collector subject to the Act.

19) Defendant Taylor is a debt collector subject to the Act, and is in violation of the Act, because summary eviction proceedings are inconsistent with and repugnant to the Act, and denied the consumer the equal protection of rights existing in the Act.

20) Defendant McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C. regularly engages in debt collection practices and is subject to the Act.

21) Defendant Stone is subject to the Act and is liable to the same extent and in the same manner as a debt collector is liable under section j(b) for failure to comply with a provision of this title.

22) All other defendants work for or through the Firm of McCalla, Raymer, Padrick, Cobb, Nichols 7 Clark, L.L.C. are  liable under the Act for unlawful and unconscionable debt collection practices.

23) Defendants are assessed civil liability, individual and severally on each count of this complaint pursuant to 1692k for committing, participating in, directly inciting, directly abetting, encouraging or co-operating in the commission of acts that violates the Act and the FTCA.

16

**24) Statement of Law**
Georgia statutory provisions permitting summary eviction of the Plaintiff are repugnant to section n of the Act because State Law is inconsistent with the Act and are superceded thereby.

**25)** Defendant Walker is subject to the act and is liable to the same extent and in the same manner as a debt collector is liable under section j(b) for failure to comply with a provision of this title.

**26) Statement of Case**
On September 26, 2005, defendant Robert Michael Sheffield (639814), did under the direction and instigation of McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC, file an action for summary eviction, issuance of a dispossessory warrant, which asked the Magistrate Court of Clayton County Georgia to issue a dispossessory warrant giving his client, Deutsche Bank National Trust Company possession of property that the plaintiff is lawfully entitled to.  See exhibit # 12, and note that this action was commenced after debtor had disputed the claim, in writing and had invoked the protection of the Act.

a) Deutsche Bank National Trust Company claims that it purchased a property located at 2532 Weston Court, Lake City, Georgia 30260 that was in default at the time of purchase.

b) Property was allegedly sold to Deutsche Bank National Trust Company by Ameriquest Mortgage Securities, Inc. Purchase of a property that is in default at the time of the sale makes Deutsche Bank National Trust Company a debt collector as far as this particular debt is concerned and therefore subject to the Act.

**27)** Dispossessory warrant is a communication within the meaning of section a(2) of the Act and violates the Act because it was filed by a debt collection attorney and his is the only signature appearing on the dispossessory warrant making it appear to the consumer that the attorney is the principal and has initiated action after reviewing file and making determinations based thereupon.  See exhibit # 12.

**28)** The dispossessory warrant is inconsistent with sections e, f, g, and j of the act because it is a deceptive form that was furnished to the consumer with the intent and purpose of depriving him rights under the Act.

**29)) Statement of Charges**
Charge 1, False or misleading representations  [15 USC 1692e]

17

a) Defendants, debt collectors, and others, are liable under the Act because they use false, deceptive, or misleading representations or means in connection with the collection of a debt alleged to be owed by the consumer.

30) Count 1
Defendant ROBERT MICHAEL SHEFFIELD violated section e (2)(A) when he falsely misrepresented the character, amount, and legal status of a debt allegedly owed by the debtor to Ameriquest Mortgage Company. Defendant filled out an instrument of commerce, i.e., a debt collection communication entitled a dispossessory warrant.

a) The dispossessory warrant seeks to summarily evict consumer from property held by the debtor and which the debtor is lawfully entitled.

b) The dispossessory warrant is repugnant to the Act because it falsely misrepresents that Magistrate Court of Clayton County is entitled to possession or that foreclosure proceedings initiated after debtor had, in writing and in accordance with section c© specifically   required debt collection agency, i.e., McCalla, Raymer, etc., to cease all communications until such time as federal litigation over violations of Act had been completed.

c) Defendant knew or should have known that the debt had been disputed and should have acted in accordance with the provisions of the Act, and not State statutes permitting summary eviction of a debtor after a 7-day notice. The 7-day notice requirement violates the Act.

d) Defendants filing of the dispossessory warrant, as a debt collection attorney, violates the Act.

e) Defendants actions falsely misrepresent that a debt collection attorney may initiate and sign a dispossessory warrant in the name of a creditor to disallow debtors the protection of the Act and that the Magistrate Court of Clayton County has the power to disallow claims made under the Act and not require that a debt collection instrument to accurately state the amount of the debt.

31) Count 2
Defendant  ROBERT MICHAEL SHEFFIELD violated section e2(B) when he misrepresented that he was entitled to possession of the property when under the Act such possession is denied and where his intent was to collect a debt.

32) Count 3

Defendant  ROBERT MICHAEL SHEFFIELD violated e(4) when he made the false and misleading representation or implication that summary proceedings for nonpayment of an amount not provided for in the original agreement would result in the loss of his right to possession of his property and that he had a right to take such an action, or to pursue that action after consumer filed a written objection to and challenge to the subject matter jurisdiction of the Magistrate Court of Clayton County Georgia.

## 33) Count 4
Defendant  ROBERT MICHAEL SHEFFIELD violated section e(5) by taking or threatening to take an action that is inconsistent with the Act, summary eviction, is less than the 30 day period provided for in the Act and which could not legally be taken or that was not intended to be taken when he filed for summary eviction of the consumer.

## 34) Count 5
Defendant  ROBERT MICHAEL SHEFFIELD violated section e(6) by making the false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to –
   a) lose a claim or defense to payment of the debt.  See exhibit # 8.

## 35) Count 6
Defendant  ROBERT MICHAEL SHEFFIELD violated section e6(B) when he misrepresented that consumer had become subject to a practice prohibited by this title and that such practice could cause the loss of rights existing in the Act.

## 36) Count 7
Defendant  ROBERT MICHAEL SHEFFIELD violated section e(8)when he communicated or threatened to communicate to persons credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, including the false implication that Deutsche Bank National Trust Company was entitled to summary judgment after challenge to subject matter jurisdiction.  See exhibit #13.

## 37) Count 8
Defendant  ROBERT MICHAEL SHEFFIELD violated section e(9), the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval

when he used the mails to send consumer a copy of a dispossessory warrant applied for in the Magistrate Court of Clayton County Georgia.

**38) Count 9**
Defendant  ROBERT MICHAEL SHEFFIELD violated section e(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer when he filed dispossessory warrant in magistrate court in order to abuse and harass a debtor that had challenged the statutory scheme being practiced by the defendants who were all the while engaging in practices violative of the Act.

**39) Count 10**
Defendant  ROBERT MICHAEL SHEFFIELD  violated section e(11) when he failed to disclose in the initial written communication with the consumer, the dispossessory warrant, i.e., exhibit # 7, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

a) The dispossessory warrant does not constitute a formal pleading in connection with a legal action permitted by the Act.

**40) Count 11**
Defendant  ROBERT MICHAEL SHEFFIELD violated section e(12) when he made the false representation or implication that accounts have been turned over to innocent purchasers for value.

a)The alleged transfer of interest, the foreclosure sale was an exchange of title effected to deny consumer protection under the Act and was intended to make it appear that an independent entity had purchased the property for value when in reality the transfer was with another entity or division of the law firm, McCalla, Raymer., on the courthouse steps of the Magistrate Court of Clayton County.

b) There was no actual transfer of interest, just an entry on the books to conceal the illegal transfer of ownership in a manner inconsistent with the Act.

**41) Count 12**
DEFENDANT ROBERT MICHAEL SHEFFIELD violated e(13) when he made the false representation or implication that dispossessory warrant constituted legal process that was consistent with the Act.

42) Count 13
DEFENDANT ROBERT MICHAEL SHEFFIELD violated e(14) when he used a name other than his own in and attempt to collect a debt, name appears on the dispossessory warrant.  See exhibit # 12.

43) Charge 2 Unfair practices [15 USC 1692f]
DEFENDANT ROBERT MICHAEL SHEFFIELD violated this section by using unfair or unconscionable means to collect or attempt to collect a debt.

44) Count 14

DEFENDANT ROBERT MICHAEL SHEFFIELD violated section f(1) by trying to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) where such amount is not expressly authorized by the agreement creating the debt or permitted by law.  See exhibit 7.

45) Count 15

DEFENDANT ROBERT MICHAEL SHEFFIELD violated f(6)(A) by taking or threatening to take any non judicial action to effect dispossession or disablement of property where there was no present right to possession of the property claimed as collateral through an enforceable security interest.

46) Count 16

DEFENDANT ROBERT MICHAEL SHEFFIELD violated section f(6)(B) because there was no present intention to take possession of the property when he filed the dispossessory warrant or such possession was not authorized by the Act.

Charge 3  Validation of debts  [15 USC 1692g]

47) Count 17

DEFENDANT ROBERT MICHAEL SHEFFIELD violated section g(a) when he fail to send consumer a validation notice within five days after the initial communication, the dispossessory warrant, where such notice was not included in the initial communication.

48) Count 18

DEFENDANT ROBERT MICHAEL SHEFFIELD violated section g(1) by failing to affix to the initial communication letter, i.e., the dispossessory warrant, a statement of the amount of the debt.

49) Count 19

DEFENDANT ROBERT MICHAEL SHEFFIELD violated section g(3) because the dispossessory warrant failed to contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

50) Count 20

DEFENDANT ROBERT MICHAEL SHEFFIELD violated section g(4) by sending a dispossessory warrant that did not contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

51) Count 21

DEFENDANT ROBERT MICHAEL SHEFFIELD violated section g(5) when he sent consumer a communication, the dispossessory warrant, that contained a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, or other information required by this section on validation notices.

52) Count 22

DEFENDANT ROBERT MICHAEL SHEFFIELD violated section g(5)(b) by continuing with dispossessory warrant proceedings after the consumer notified him in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

**Charge 4    Legal actions by debt collectors   [15 USC 1692i**

**53) Count 23**

**DEFENDANT ROBERT MICHAEL SHEFFIELD violated section i(b) when he filed the dispossessory warrant because the Act does not authorize a debt collector to bring a legal action that violates the Act.**

**54) Count 24**
**Defendant DAPHNE M. WALKER violated section e (2)(A) when She made the false representation of the character, amount, and legal status of a debt based upon a dispossessory warrant that was filed in Magistrate Court of Clayton County Georgia.**

**55) Count 25**
**Defendant  DAPHNE M. WALKER violated section e2(B) when she misrepresented that she could exercise subject matter jurisdiction in a summary eviction proceeding that had been challenged for lack of subject matter jurisdiction and when she held that someone other then the consumer was entitled to possession of the property when under the act such possession is denied and where her intent was to collect a debt.**

**56) Count 26**
**Defendant  DAPHNE M. WALKER violated e(4) when she made the false and misleading representation or implication that summary proceedings for nonpayment of an amount not provided for in the original agreement would result in the loss of his right to possession of his property and that she had a right to take such an action, or to pursue that action after consumer filed a written objection to and challenge to the subject matter jurisdiction of the Magistrate Court of Clayton County Georgia**

**57) Count 27**
**DEFENDANT DAPHNE M. WALKER violated section e(6)© by making the false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to lose any claim or defense to payment of the debt by failing to pay rent to the court after jurisdictional challenge by debtor and after debt filed an answer to the summary eviction action and after defendant had transferred the case to civil jury division for resolution of the federal claims arising out of the Act. See exhibit # 10.**

**a) The defendant is without jurisdiction because the debtor contested the summary proceedings and invoked the protection of the Act.**

**b) The defendant continued to adjudicate a contested matter.**

**58) Count 28**
Defendant  DAPHNE M. WALKER violated section e6(B) when she
misrepresented that consumer had become subject to eviction practices
prohibited by the Act and that such practice could cause loss of rights
existing in the Act.

**59) Count 29**
Defendant  DAPHNE M. WALKER violated section e(8)when she
communicated or threatened to communicate to persons credit
information which is known or which should be known to be false,
including the failure to communicate that a disputed debt is disputed,
including the false implication that Deutsche Bank National Trust
Company was entitled to summary judgment after challenge to subject
matter jurisdiction.

**60) Count 30**
Defendant  DAPHNE M. WALKER violated section e(9) The use or
distribution of any written communication which simulates or is falsely
represented to be a document authorized, issued, or approved by any
court, official, or agency of the United States or any State, or which
creates a false impression as to its source, authorization, or approval and
that she was empowered to levy fines and assess rents in a matter in
which she lacked subject matter jurisdiction.  See exhibit #12.

**61) Count 31**
Defendant  DAPHNE M. WALKER violated section e(10) when she used
false representations and deceptive means to collect or attempt to collect
any debt or to obtain information concerning a consumer that had
challenged the subject matter jurisdiction of her court.

**62) Count 32**
Defendant  DAPHNE M. WALKER violated section e(11) when she failed to
disclose in the initial written communication with the consumer that she
was assisting Defendant ROBERT Michael Sheffield in the collection of a
debt covered by the Act.

a) Under the Act the dispossessory warrant does not constitute a formal
pleading authorized by the Act.

**63) Count 33**
Defendant  DAPHNE M. WALKER violated e(13) when she made the false
representation or implication that dispossessory warrant constituted legal
process that was consistent with the Act.

**64) Count 34**

Defendant  DAPHNE M. WALKER violated e(14) when she used a name other than his own in and attempt to collect a debt, name appears on the dispossessory warrant.

65) Count 35
Defendant DAPHNE M. WALKER violated this section by using unfair or unconscionable means, the power of the Magistrate Court of Clayton County Georgia, to collect or attempt to collect a debt that the debtor has challenged under the provisions of the Act.

66) Count 36

Defendant DAPHNE M. WALKER violated section f(1) by trying to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) where such amount is not expressly authorized by the agreement creating the debt or permitted by law.  See exhibit # .

67) Count 37

DAPHNE M. WALKER violated f(6)(A) by taking or threatening to take any non judicial action to effect dispossession or disablement of property where there was no present right to possession of the property claimed as collateral through an enforceable security interest; action by defendant was non judicial in that he was acting without judicial power when he levied amounts that the debtor must pay into the court before being allowed to redress violations of the Act.

68) Count 38

DAPHNE M. WALKER violated section f(6)(B) because there was no present intention to take possession of the property when she entered orders that were inconsistent with and repugnant to the Act and where possession was not authorized by the Act.

69) Count 39

DAPHNE M. WALKER violated section g(a) when she fail to send consumer a validation notice within five days after the initial communication, the challenged hearing on the dispossessory warrant, where such notice was not included in the initial communication.  See exhibit # 12.

70) Count 40

DAPHNE M. WALKER violated section g(1) by failing to accurately state
the amount of the debt and by assessing damages not included in the
original contract.

a) Defendant was not acting with lawful authority when she used State law
to overrule the Act and she acted as a trespasser when she proceeded to
adjudicate in a matter in which she lacked the legal capacity to make any
decision.

b) After consumer invoked the protection of the Act both defendant
DAPHNE M. WALKER and the Magistrate Court of Clayton County were
without subject matter jurisdiction to assess liability under State statutes
that had been superceded by the Act.

c) Consumer did, both orally and in writing invoke the protection of the Act
and did challenge to the subject matter jurisdiction of the Magistrate
Court of Clayton County.


71) Count 41

DAPHNE M. WALKER violated section g(4) by sending a
communication that did not contain a statement that if the consumer
notifies the debt collector in writing within the thirty-day period that
the debt, or any portion thereof, is disputed, the debt collector will
obtain verification of the debt or a copy of a judgment against the
consumer and a copy of such verification or judgment will be mailed
to the consumer by the debt collector.  See exhibit # 12.

72) Count 42

DAPHNE M. WALKER violated section g(5) when she entertained a
communication, the dispossessory warrant that failed to contain a
statement that, upon the consumer's written request within the
thirty-day period, the debt collector will provide the consumer with
the name and address of the original creditor, if different from the
current creditor.

73) Count 43

DAPHNE M. WALKER violated section g(5)(b) by exercising subject matter
jurisdiction over a summary dispossessory proceeding by holding  a
hearing on the dispossessory warrant, after consumer had notified the
court in writing within the thirty-day period described in subsection (a) of
the Act that the debt was  disputed and that the debt collector was

required to cease collection of the debt, or any disputed portion thereof, until after the federal litigation over the violations of the Act was completed.

74) Count 44

DAPHNE M. WALKER violated section j(b) in the same manner and to the same extent as a debt collector when she issued the deceptive form that fraudulently ordered the consumer to pay monies not expressly provided for by the instrument creating the debt.

75) Count 45

DEFENDANT ROBERT MICHAEL SHEFFIELD violated section n when he brought an action barred by this section, summary eviction proceedings under state statutes that denied consumer protections accorded by the act.

76) Count 46

DAPHNE M. WALKER violated section n when she exercised subject matter jurisdiction in and adjudicated a contested matter in a manner that is inconsistent with the provisions of the Act and which used State statutes to overrule provisions of the Act.

77) Count 47

McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act in the manner set forth in Count 1.

78) Count 48

McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act in the manner set forth in Count 2.

79) Count 49

McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act  in manner set forth in Count 3.

80) Count 50

McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, in manner set forth in Count 4.

81) Count 51

McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 5.

82) Count 52

McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 6.

83) Count 53

McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 7.

84) Count 54

McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 8.

85) Count 55

McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 9.

86) Count 56

McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 10.

87) Count 57

McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 11.

88) Count 58

McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 12.

**89) Count 59**

**McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 13.**

**90) Count 60**

**McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 14.**

**91) Count 61**

**McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 15.**

**92) Count 62**

**McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 16.**

**93) Count 63**

**McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 17.**

**94) Count 64**

**McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 18.**

**95) Count 65**

**McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 19.**

**96) Count 66**

**McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 20.**

**97) Count 66**

McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 21.

98) Count 67

McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 22.

99) Count 68

McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC violated Act, same allegations as in Count 23

100) Count 69

Deutsche Bank National Trust Company violated Act, same allegations as in Count 1.

101) Count 70

Deutsche Bank National Trust Company violated Act, same allegations as in Count 2.

102) Count 71

Deutsche Bank National Trust Company violated Act, same allegations as in Count 3.

103) Count 72

Deutsche Bank National Trust Company violated Act, same allegations as in Count 4.

104) Count 73

Deutsche Bank National Trust Company violated Act, same allegations as in Count 5.

105) Count 74

Deutsche Bank National Trust Company violated Act, same allegations as in Count 6.

106) Count 75

Deutsche Bank National Trust Company violated Act, same allegations as in Count 7.

107) Count 76

Deutsche Bank National Trust Company violated Act, same allegations as in count 8.

108) Count 77

Deutsche Bank National Trust Company violated Act, same allegations as in Count 9.

109) Count 78

Deutsche Bank National Trust Company violated Act, same allegations as in Count 10.

110) Count 79

Deutsche Bank National Trust Company violated Act, same allegations as in Count 11.

111) Count 80

Deutsche Bank National Trust Company violated Act, same allegations as in Count 12.

112) Count 81

Deutsche Bank National Trust Company violated Act, same allegations as in Count 13.

113) Count 82

Deutsche Bank National Trust Company violated Act, same allegations as in Count 14.

114) Count 83

Deutsche Bank National Trust Company violated Act, same allegations as in Count 15.

115) Count 84

Deutsche Bank National Trust Company violated Act, same allegations as
in Count 16.

116) Count 85

Deutsche Bank National Trust Company violated Act, same allegations as
in Count 17.

117) Count 86

Deutsche Bank National Trust Company violated Act, same allegations as
in Count 18.

118) Count 87

Deutsche Bank National Trust Company violated Act, same allegations as
in Count 19.

119) Count 88

Deutsche Bank National Trust Company violated Act, same allegations as
in Count 20.

120) Count 89

Deutsche Bank National Trust Company violated Act, same allegations as
in Count 21.

121) Count 90

Deutsche Bank National Trust Company violated Act, same allegations as
in Count 22.

122) Count 91

Deutsche Bank National Trust Company violated Act, same allegations as
in Count 23.


123) Counts 92 - 115

Richard E. Raymer, Managing Member, of McCalla Raymer, Padrick,
Cobb, Nichols & Clark, LLC.  same a counts I –23

124) Counts 116 - 139

Stanley H. McCalla, Esq. Senior Partner, of McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC, same as counts1 - 23

125) Counts 140 -163

Partner Padrick, of McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC same as counts1-23

126) Counts 164 - 187

Ike W. Cobb, of McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC same as counts 1 -- 23

127) Counts 188 -- 211

Partner Nichols, of McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC, same violations as counts 1 -- 23

128) Counts 212 - 235

Attorney Carol V. Clark, of McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC same violations as counts 1-23

129) Counts 235-258

John G. Aldridge, Partner, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC. Same violations as in counts 1-23

130) Counts 259-282
Penni A. Alper, Partner, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC. Same violations as in counts 1-23

131) Counts 283-306

Charles R. Kelley, AMP, Manager-Loan Administration, Foreclosures, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC, Same violations as is counts 1-23

132) Counts 307-330
Neal Manners, Partner, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC, Same violations as in Counts 1-23

133) Counts 331-354
Daniel D. Phelan, Partner, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC, Same violations as in Counts 1-23

134) Counts 355-378

Richard C. Taylor, P.C., Same violations as in Counts 1-23

135) Summary

The defendants have committed the above acts. They have acted in a conspiracy to deprive rights and have acted in furtherance of that conspiracy and have committed act punishable under 18 USC, namely extortion, mail fraud, conspiracy against rights, deprivation of rights under color of law, the use of interstate commerce to deprive rights; mailing threatening communications and other acts which are reachable under 42 USC 1986, 1985, and 1983, and all defendants are assessed responsibility, individually and severally for the acts of others.

a) Debtor herein invokes protection from these and other acts committed by the defendants under the instruction of McCalla, etc, the law firm and its actors and agents. This law firm has a history of violating the Act and of violating the rights of consumers.

b) The interest of the public will be served by holding the defendants liable under the law because McCalla, the law firm, is one of the principle debt collection agency law firms issuing false, misleading and deceptive form in the Atlanta area, and do routinely, engage in practices that deprive consumers the protection of the rights provided for in the Act.

136) Consumers Prayer for relief

        Consumer asks this court to do the following:

a) Order the defendants to pay civil damages for violating the Act in the Amount of $10,000.00 per violation

b)  Grant statutory damages in the amount of $10,000.00

c)  Set aside the orders of DAPHNE M. WALKER and the Magistrate Court of Clayton County until federal litigation to redress the above listed violations of the Act have been adjudicated.

d) Require the defendants to relinquish any claim that they have to the property located at 2532 Weston Court, Lake City, Georgia and to Order that the debtor be given clear and uncontested title thereto.

e) Grant actual damages for mental pain and suffering and deny debt collectors right to foreclose upon or to perform under a commercial instrument, i.e., where commercial instrument used by the defendants has been disputed and dishonored for fraud and fraudulent misrepresentation and that is null and void on it's face for fraud and fraudulent misrepresentation because it was tendered contingent upon a waiver of borrower's rights and seeks to violate Fourteenth Amendment due process clause guarantees.

f) Grant court cost and other cost attendant with the pursuit of this action.

g) Grant other relief that the court may deem fair and equitable.

I, James Allen Causey, do on this 11th day of October 2005; hereby make this unsworn declaration, without the United States, that the information in this complaint is true and correct to the best of my knowledge and belief.

Further the consumer sayeth not.

SFC James Allen Causey, (US Army Retired)
consumer,  in pro per
2532 Weston Court
Lake City, Georgia 30260